

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAULA CALLEJAS TREJO, TERESA LUGO
CALLEJAS, CATALINA LUGO CALLEJAS,
ANTONIO LUGO CALLEJAS, CLEMENTINA
LUGO, AND LAURENTINA LUGO,
INDIVIDUALLY AND AS THE WRONGFUL
DEATH BENEFICIARIES OF GUILLERMO
LUGO-
CALLEJAS, DECEASED                                                      PLAINTIFFS

VS.                                           CIVIL ACTION NO. 3:20cv539-HTW-LRA

OVERNIGHT PARTS ALLIANCE, LLC and
WHOLESALE PARTS ALLIANCE, LLC and
STEVEN MCKINNEY, INDIVIDUALLY and
d/b/a OVERNIGHT PARTS ALLIANCE, LLC,
and PENSKE TRUCK LEASING CO., L.P.                                      DEFENDANTS

### NOTICE OF REMOVAL

TO:   Jim Grenfell, Esq.
      Grenfell & Stevens
      P.O. Box 16570
      Jackson, MS 39236-6570

      John H. Stevens, Esq.
      Grenfell & Stevens
      P.O. Box 16570
      Jackson, MS 39236-6570

1

Honorable Shirley Steele Jackson
Kemper County Circuit Clerk
P. O. Box 188
Dekalb, MS 39238

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are notified that Overnight Parts Alliance, LLC; Wholesale Parts Alliance, LLC; Steven McKinney, Individually and allegedly d/b/a Overnight Parts Alliance, LLC; and Penske Truck Leasing Co., L.P. ("Defendants") have removed the action entitled, *Paula Callejas Trejo, Teresa Lugo Callejas, Catalina Lugo Callejas, Antonio Lugo Callejas, Clementina Lugo, and Laurentina Lugo, Individually and As The Wrongful Death Beneficiaries Of Guillermo Lugo-Callejas, deceased vs. Overnight Parts Alliance, LLC and Wholesale Parts Alliance, LLC and Steven McKinney, Individually and D/B/A Overnight Parts Alliance, LLC, And Penske Truck Leasing Co., L.P.*, being Cause No. 2020-CV-46BB, from the Circuit Court of Kemper County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division.

The following grounds are stated in support of removal:

I.

On June 3, 2020, a lawsuit was filed in the Circuit Court of Kemper County, Mississippi styled "*Paula Callejas Trejo, Teresa Lugo Callejas, Catalina Lugo Callejas, Antonio Lugo Callejas, Clementina Lugo, and Laurentina Lugo, Individually and As The Wrongful Death Beneficiaries Of Guillermo Lugo-Callejas, deceased vs. Overnight Parts Alliance, LLC and Wholesale Parts Alliance, LLC and Steven McKinney, Individually and D/B/A Overnight Parts Alliance, LLC, And Penske Truck Leasing Co., L.P.*", being Cause No. 2020-CV-46BB. A certified copy of the state court file, including all process, pleadings and other papers contained therein, is attached hereto as Exhibit "A."

II.

For the reasons set forth below, this Court has subject matter jurisdiction over this action. This action is therefore removable pursuant to 28 U.S.C. §§1441 *et seq.*

## FEDERAL DIVERSITY JURISDICTION

III.

This lawsuit is a civil action of which this Court has jurisdiction under the provisions of 28 U.S.C. § 1332 (diversity of citizenship). This action may be removed pursuant to the provisions of 28 U.S.C. §§ 1332 and 1446 because diversity of citizenship exists between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Diversity existed at the time of the filing of the Complaint and at the time of the filing of this Notice of Removal.

## COMPLETE DIVERSITY OF CITIZENSHIP

IV.

The motor vehicle collision that gave rise to this cause of action occurred in Kemper County, Mississippi. Guillermo Lugo-Callejas was killed in the accident. At the time of the accident and his death, Mr. Lugo-Callejas was a citizen of Mexico. At the time of the accident and his death he was residing in Macon, Noxubee County, Mississippi. *See*, Exhibit A, Complaint, unnumbered ¶ 2.

V.

Mr. Lugo-Callejas is survived by Plaintiffs, Paula Callejas Trejo, Teresa Lugo Callejas, Catalina Lugo Callejas, Antonio Lugo Callejas, Clementina Lugo, and Laurentina Lugo. They are his legally designated wrongful death beneficiaries pursuant to Mississippi law, in addition, the Complaint states that "Plaintiff, Joan Torres, having been the petitioner of heirship filed on behalf of the Plaintiffs…files in addition on behalf of these wrongful death beneficiaries…. *See*,

unnumbered Paragraph 2 of the Complaint. All Plaintiffs who are wrongful death beneficiaries are citizens of the county of Mexico. *See*, Exhibit A, Complaint, ¶ 1 *and* unnumbered ¶ 2. Joan Torres is a citizen of Mississippi.[1]

VI.

Defendant Wholesale Parts Alliance, LLC, ("WPA") is an Alabama limited liability company with its principal place of business in Alabama. Its members are Marvin S. Windham and Terry Spitzer, both citizens of the state of Alabama. *See*, Affidavit of Marvin S. Windham attached as Exhibit "B"*and* Exhibit A, Complaint ¶ 2.

VII.

Defendant Overnight Parts Alliance, LLC, ("OPA") is an Alabama limited liability company with its principal place of business in Alabama.[2] Its members are Terry Spitzer and Marvin S. Windham, both of whom are citizens of the state of Alabama. *See*, Affidavit of Marvin S. Windham *and* Exhibit A, Complaint ¶ 3.

VIII.

Defendant Steven McKinney is a resident citizen of the state of Alabama. See, Exhibit A, Complaint ¶ 4.

IX.

Defendant, Penske Truck Leasing Co., L.P. ("Penske Truck Leasing") is a Delaware limited partnership with its principal place of business in Pennsylvania. The general partner of Penske Truck Leasing is PTL GP, LLC, a Delaware limited liability company with its principal

---

[1] In the Matter of the Estate of Guillermo Lugo Callejas in the Chancery Court of Noxubee County, Mississippi, cause No. 20-21, Joan Torres is identified as the petitioner and on the Civil Cover Sheet on file in that case, and her address is listed in Jackson, MS.
[2] Plaintiffs have conflated OPA and WPA but have made no attempt whatever to context their status as separate business entities, and as established by the Affidavit of Marvin S. Windham, WPA does not lease or rent trucks from Penske Truck Leasing.

place of business in Pennsylvania. Penske Truck Leasing has three (3) limited partners, namely: Penske Automotive Group, Inc. a Delaware corporation with its principal place of business in Michigan; Penske Truck Leasing Corporation, a Delaware corporation with its principal place of business in Michigan; and NBK USA Commercial Vehicles, Inc., a Delaware corporation with its principal place of business in Japan. *See*, Affidavit of Kresten Hansen II attached as Exhibit "C".

X.

Plaintiffs allege the Defendants were negligent in causing the death of Guillermo Lugo-Callejas and seek damages under the Mississippi Wrongful Death Act. Plaintiffs also seek punitive damages. While the Complaint demands damages in an unspecified amount; given the nature of Plaintiffs' claims and their demand for punitive damages, the jurisdictional amount is satisfied. *See, Montgomery v. First Family Financial, Inc.*, 239 F.Supp. 2d 600 (S.D. Miss. 2002) (Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy for federal jurisdictional.)

XI.

No Defendant has been served with process. Accordingly, this removal is timely.

XII.

The United States District Court for the Southern District of Mississippi, Northern Division is the federal judicial district embracing the Circuit Court of Kemper County, Mississippi, making venue proper under 28 U.S.C. 1441(a).

XIII.

Plaintiffs may not join a non-diverse defendant in a suit to defeat diversity jurisdiction unless the plaintiff has a viable claim against that defendant. *Int'l Energy Ventures Mgt, L.L.C. v.*

*United Energy Group, Ltd.*, 818 F.3d 193, 199-200 (5th Cir. 2016). Defendants may successfully remove by showing that the non-diverse party was improperly joined. *Id.*; *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder may be established by showing that under the allegations of the Complaint there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant." *Int'l Energy Ventures Mgt, L.L.C.*, 818 F.3d at 220, *citing Smallwood*, 385 F.3d at 573. Defendant's removal of such a case may be supported by affidavits, *Badon v. RJR Nabisco, Inc.*, 382 F.3d 382, 393 (5th Cir. 2003), and the federal court's determination of the sufficiency of the allegations in the complaint must be made using the federal pleading standard which incorporates the entirety of the analysis required by Fed. R. Civ. Pro. 12(b)(6) under *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Int'l Energy Ventures Mgt, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d at 200-204. Accordingly, to overcome removal based on improper joinder of a defendant which defeats complete diversity of citizenship,[3] the plaintiff's complaint must contain facts supporting a recognized cause of action under state law giving rise to a reasonable possibility of recovery against the non-diverse defendant, not merely a theoretical one. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).

XIV.

Generally, the Graves Amendment to the Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 U.S.C. § 30106 preempts state law under which a lessor of a

---

[3] It is not clear that this specific issue even arises from the face of Plaintiff's Complaint because we have found no case directly on point; nevertheless, given that one of Penske Truck Leasing's limited partners, a Delaware Corporation, has previously identified its principal place of business as Tokyo, Japan, this removal is based on the lack of any plausible cause of action against Penske Truck Leasing under the facts pleaded by plaintiff and the law as reflected in the Graves Amendment to the Safe, Accountable, Flexible, Efficient Transportation Equity Act, 49 U.S.C. § 30106, which preempts state tort laws permitting motor vehicle lessors to be held vicariously liable for the tortious acts of their lessees.

commercial vehicle can be held vicariously liable for the negligence of the lessee. *E.g., Pacho v. Enterprise Rent-A-Car Co.*, 572 F. Supp. 2d 341 (S.D.N.Y. 2008). Accordingly, to prosecute a claim against a lessor of a commercial vehicle for an accident involving the vehicle while in the service of the lessee, plaintiffs must plead facts sufficient under the federal pleading standards to state a direct, independent cause of action against the lessor that is not based on the lessee's alleged wrongful conduct. Plaintiffs' Complaint cannot meet this requirement. The Complaint asserts only one theory of liability, alleged negligence of OPA's driver, Steven McKinney. Even the allegations directed to Mr. McKinney and his employer, OPA, are little more than conclusions of the pleader.

In an effort to implicate Penske Truck Leasing, Plaintiffs asserts that Penske "is a commercial business who leases and/or sells commercial box trucks to other commercial entities such as and including Wholesale Parts Alliance, LLC and Overnight Parts Alliance, LLC. ... customized based on the requirements and/or needs of the Defendant Lessee. This joint enterprise causes independent negligence on behalf of Penske Truck Leasing Co., L.P., specifically identifying causative conduct and/or negligence on behalf of Penske as a provider of the vehicle in question." Exhibit A, Complaint ¶8. Along with other naked conclusions, the pleader asserts in paragraphs 15 & 21 of the Complaint that "Penske is in the specialized business of providing custom vehicles or box trucks to commercial transport companies such as the Overnight Parts Alliance and Wholesale Parts Alliance [and] Penske knew that the business enterprise in the joint venture with Overnight Parts Alliance, LLC provided that Overnight would be utilizing these trucks to drive long distances.... [T]he independent, negligent actions of Penske in providing this vehicle contributed to the accident and gross negligence of McKinney, and Wholesale Parts Alliance. LLC and Overnight Parts Alliance, LLC contributing to the death of [the decedent]."

This is precisely the type of claim the Graves Amendment prohibits against commercial lessors such as Penske Truck Leasing. The Graves Amendment provides, in pertinent part, as follows:

> (a) In general.-An owner of a motor vehicle that rents or leases the vehicle to a person ...shall not be liable under the law of any State...by reason of being the owner of the vehicle ...for harm to persons or property that results out of the use, operation, or possession of the vehicle during the period of the rental or lease, if-
>
> (1) the owner...is engaged in the trade or business of renting or leasing motor vehicles; and
> (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

49 U.S.C. §30106. Rented or leased motor vehicle safety and responsibility.

Plaintiffs' allegations directed to Penske Truck Leasing are more confusing than relevant to any viable independent cause of action. Nothing in the Complaint even suggest that Penske Truck Leasing and OPA ever intended to form a joint venture; that Penske Truck Leasing had any right to or exercised any control over OPA's business operations and management; or that Penske Truck Leasing had any right to or shared in OPA's profits. All three elements must be pleaded and proved before any joint venture could exist, and the affidavits attached to this Notice expressly refute the existence of any of these elements.[4] Likewise, while the Complaint is rife with unsupported assertions directed to the alleged negligence of OPA's driver, Steven McKinney, while in the possession, operation, and control of the vehicle during the trip from Irondale, Alabama, to Dekalb, Mississippi, on the night of the accident, no facts are pleaded identifying the alleged "safety devices" or how they could or would have stopped the accident at issue in this case. The Complaint wholly fails to plead any independent claim for actual negligence, criminal wrongdoing, or any other cause of action against Penske Truck Leasing and following removal the

---

[4] See, e.g., *Hults v. Tillman*, 480 So. 2d 1134, 1142 (Miss. 1985).

Court should dismiss Penske Truck Leasing from this lawsuit. *Int'l Energy Ventures Mgt, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199-200 (5th Cir. 2016).

XV.

Defendants deny any liability and deny that the Plaintiffs are entitled to any recovery whatsoever. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter available under Rule 12 of the Mississippi or Federal Rules of Civil Procedure, or any statute or federal statute.

XVI.

All Defendants are represented by the same counsel of record and are thereby agreeing to this Notice of Removal.

XVII.

A copy of this Notice has been filed with the Circuit Court Clerk of Kemper County, Mississippi, and provided to all parties.

WHEREFORE, PREMISES CONSIDERED, Defendants, Overnight Parts Alliance, LLC and Wholesale Parts Alliance, LLC and Steven McKinney, Individually and d/b/a Overnight Parts Alliance, LLC, And Penske Truck Leasing Co., L.P. pray that this Notice of Removal and exhibits thereto be received and filed, and that the said Circuit Court of Kemper County proceed no further

herein. The Defendants further pray for such other, further, special and general relief they are entitled to receive.

This the 17TH day of August 2020.

> OVERNIGHT PARTS ALLIANCE, LLC AND WHOLESALE PARTS ALLIANCE, LLC AND STEVEN MCKINNEY, INDIVIDUALLY AND D/B/A OVERNIGHT PARTS ALLIANCE, LLC, AND PENSKE TRUCK LEASING CO., L.P., DEFENDANTS
>
> BY: _/s/_____
> OF COUNSEL

C. MICHAEL ELLINGBURG – MS BAR #5496
mellingburg@ellingburglaw.com
BRENDA B. BETHANY – MS BAR #2477
bbethany@ellingburglaw.com
ELLINGBURG LAW FIRM, PLLC
232 MARKET STREET
FLOWOOD, MS 39232
POST OFFICE BOX 16588
JACKSON, MS 39236
TELEPHONE: 601-914-4919
FACSIMILE: 601-914-2974

**CERTIFICATE OF SERVICE**

I, C. Michael Ellingburg, the undersigned, of counsel for Defendants, hereby certify that I have, this day electronically filed the original of the above and foregoing *Defendants' Notice of Removal*, and exhibits thereto, in the United States District Court for the Southern District of Mississippi, Northern Division.

THIS, the 17TH day of August 2020.

C. MICHAEL ELLINGBURG